September 19, 2023

<u>Via ECF</u>

The Honorable Jessica G.L. Clarke
United States District Court for the Southern
District of New York
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St., Courtroom 20C
New York, NY 10007-1312

    Re:    *Paulino-Santos et al.* v. *Metropolitan Transportation Authority et al.*, 23-cv-03471

Dear Judge Clarke:

    We write to submit Defendants' letter motion and Plaintiffs' opposition pursuant to Rule 4(k) of Your Honor's Individual Practice Rules. Defendants Metropolitan Transportation Authority ("MTA"), New York City Transit Authority, Janno Lieber (in his official capacity) and Richard Davey (in his official capacity) (collectively, "Defendants") respectfully request that this Court stay discovery pending resolution of the MTA's pending motion to dismiss (ECF No. 34). Plaintiffs oppose a stay.

    In accordance with Federal Rule of Civil Procedure 37(a)(1), the parties met-and-conferred on Friday, September 8, 2023, by teleconference for approximately twenty minutes. Participating counsel were: Maia Goodell and Britney Wilson for Plaintiffs, and Allan Arffa, Greg Laufer, Tamar Holoshitz and Kerissa Barron for Defendants. The parties were unable to reach a resolution and now seek the Court's assistance.

    **I.**    **Relevant Factual and Procedural Background (Supplied by Defendants)**

    This case concerns the MTA paratransit system, known as Access-A-Ride ("AAR"). Plaintiffs, who allege they represent a class of individuals comprised of "people who cannot consistently use fixed-route transit because of a disability," filed this action in April 2023 (ECF No. 1, the "Complaint", at ¶ 166). In their Complaint, Plaintiffs allege that AAR is "not comparable" to the MTA's bus and subway service and is therefore, they claim, discriminatory under the Americans with Disabilities Act (the "ADA"), the federal Rehabilitation Act of 1973, and the New York City Human Rights Law.

    On July 11, 2023, Defendants wrote to the Court (Failla, J.), indicating their intent to move for dismissal (ECF No. 26). In response, Judge Failla adjourned the Initial Pretrial Conference without date, noting that the "intended motion is potentially dispositive of this action" (ECF No. 27).

    Defendants then, on August 24, 2023, filed their initial papers in support of their motion to dismiss, arguing that, under the laws, regulations and guidance applicable to paratransit systems, Plaintiffs have failed to state any viable claim (ECF No. 35). Plaintiffs indicated by letter that they intend to oppose the motion (ECF No. 37). Under the current scheduling order, Plaintiffs'

opposition will be due October 12, 2023, and the MTA's reply will be due November 13, 2023 (ECF No. 33).

On August 28, 2023, Plaintiffs wrote to counsel for Defendants requesting to meet-and-confer on upcoming discovery. In response, Defendants indicated that their view remained that a stay of discovery is appropriate. At the parties' meet-and-confer, Plaintiffs declined to consent to Defendants' requested stay, but indicated that they intended to comply with the Federal Rules and not pursue discovery until after a Rule 26(f) Conference is ordered by the Court and then held.

## II. Defendants' Position

Defendants' request for a temporary stay is well supported by this Court's precedent and prior rulings. Federal District Courts have "broad discretion to direct and manage the pre-trial discovery process." *Farzan* v. *Bridgewater Assoc., LP,* 699 F. App'x. 57, 58 (2d Cir. 2017) (internal quotations omitted). District Courts have frequently held that good cause for a stay of discovery "may be shown where a party has filed a dispositive motion, the stay is for a short period of time, and the opposing party will not be prejudiced by the stay." *In re Term Commodities Cotton Futures Litig.*, 2013 WL 1907738, at *5 (S.D.N.Y. May 8, 2013); *Spencer Trask Software & Info. Servs., LLC* v. *RPost Int'l Ltd.,* 206 F.R.D. 367, 368 (S.D.N.Y. 2002) (same). When determining whether to stay discovery for good cause pending a motion to dismiss, Courts consider: "(1) [the] breadth of discovery sought, (2) any prejudice that would result, and (3) the strength of the motion." *E.g., Press* v. *Primavera*, 2022 WL 17736916, at *1 (S.D.N.Y. Dec. 16, 2022) (alteration in original; internal quotations omitted). Here, these factors all favor granting the Defendants' request for a stay of discovery.

### A. Defendants Would Be Harmed by the Broad Discovery Sought

As to the first factor, Courts consider the extent of discovery sought, and are more likely to grant a stay where extensive discovery could ensue, such as with putative class claims like those alleged here. *See In re Term Commodities Cotton Futures Litig.*, 2013 WL 1907738, at *5 (granting stay in putative class action and holding that, "two related factors a court may consider in deciding a motion for a stay of discovery are the breadth of discovery sought and the burden of responding to it.").

While Plaintiffs have yet to serve discovery, it appears that they intend to seek the usual, broad discovery that occurs in class action cases, as Plaintiffs have not indicated that they have a more narrow scope of discovery in mind. Not only is such discovery not necessary for Plaintiffs to respond to the pending motion, but it is particularly onerous here where Plaintiffs seek to represent a class of at least 170,000 people (Compl. ¶¶ 8, 34, 166) and their claims involve the administration of the AAR system, a complex transportation system administering millions of rides per year over many years. *See Alapaha View Ltd.* v. *Prodigy Network, LLC*, 2021 WL 1893316, at *2 (S.D.N.Y. May 10, 2021) (staying discovery while motion to dismiss was pending as discovery would be "onerous" in a "case involv[ing] conduct spanning over multiple years [and] 26 plaintiffs"). Further, proceeding with discovery now, while the motion to dismiss is pending, is particularly burdensome given that the principal Defendants are public benefit corporations that

would be burdened with the costs of broad discovery that, if the motion to dismiss is granted, would be entirely unnecessary.

### B. A Stay Would Not Result in Any Prejudice to Plaintiffs

As to the second factor, Plaintiffs would not be unduly prejudiced by a stay of discovery, which, in any event, would be brief. *HAHA Glob., Inc.* v. *Barclays*, 2020 WL 832341, at *1 (S.D.N.Y. Feb. 20, 2020) ("[T]he Court finds that staying discovery would not unfairly prejudice Plaintiff as the motions to dismiss already have been filed and, thus, 'any stay would last briefly.'"); *Integrated Sys. & Power, Inc.* v. *Honeywell Int'l, Inc.*, 2009 WL 2777076, at *1 (S.D.N.Y. Sept. 1, 2009) ("[T]he stay requested by Defendant will likely delay the commencement of discovery for only a few months. . . . The short stay requested by Defendant will therefore not prejudice the Plaintiff to any degree.").

All of the matters necessary for the Court to consider on Defendants' motion to dismiss are presently before the Court, and there will be plenty of time for discovery if the Court denies the motion. *See Rothman* v. *Gregor*, 220 F.3d 81, 88 (2d Cir. 2000) (documents attached to complaint or incorporated by reference may be considered on a motion to dismiss); *Volpe* v. *Am. Sign Language Commc'n Ctr., Inc.* 200 F. Supp. 3d 428, 431 (S.D.N.Y. 2016) (same as to official websites). Plaintiffs have not suggested that there is any exigency requiring that discovery be initiated at this time, and Plaintiffs' Complaint raises issues that it describes as beginning as far back as 2006 if not earlier (Compl. ¶ 97), which suggests that no such pressing need exists. Therefore, Plaintiffs will not be prejudiced by a stay of discovery for the brief duration requested, and thus this factor also favors granting a stay.

### C. Defendants' Pending Motion Presents Substantial Arguments that Would Potentially Dispose of Plaintiffs' Claims

Finally, Courts routinely stay discovery where, as here, defendants have presented substantial arguments for dismissal of plaintiffs' claims.[1] This is particularly true where, as is also the case here, the motion would potentially dispose of all issues in the pending matter (MTD Br. at 7–15 (raising arguments for dismissal of ADA claim); 15–16 (Rehabilitation Act claim); 16–20 (New York City Human Rights claim)). *See In re Term Commodities Cotton Futures Litig.*, 2013 WL 1907738, at *5. As Judge Failla has already observed, Defendants' motion "is potentially dispositive of this action" (ECF No. 27).

---

[1] *See, e.g., Integrated Sys. & Power, Inc.*, 2009 WL 2777076, at *1 (granting a stay where defendant "has put forth in its motion multiple, independent arguments for dismissal and the motion 'appears not to be unfounded in the law'"); *Boelter* v. *Hearst Commc'ns, Inc.*, 2016 WL 361554, at *5 (S.D.N.Y. Jan. 28, 2016) ("Although the Court will not predict the outcome of Defendant's motion, an initial review of the arguments presented in its support suggest that none are frivolous and, because succeeding on each argument alone may warrant dismissal of Plaintiff's entire complaint, ordering discovery to proceed at this time would result in an excessive burden on Defendant."); *Spencer Trask Software & Info. Servs., LLC*, 206 F.R.D. at 368 (granting a stay where defendants presented "substantial arguments for dismissal of many, if not all, of the claims asserted").

In sum, the relevant factors all counsel in favor of granting a stay of discovery pending Defendants' motion to dismiss.[2]

### III. Plaintiffs' Position

Discovery should commence when the Court, in its discretion, sets an Initial Pretrial Conference, in accordance with Your Honor's Individual Rules and Practices for Civil Cases, Rule 3.c. Defendants preemptively move for a stay of litigation. They offer no basis other than the bare fact that they have filed a motion to dismiss. It is well established that is not sufficient grounds: "[D]iscovery should not be routinely stayed simply on the basis that a motion to dismiss has been filed." Nielsen Co. (US) LLC v. TVSquared LTD, No. 23-CV-1581, 2023 WL 4363005, at *1 (S.D.N.Y. July 6, 2023) (quoting Hong Leong Fin. Ltd. (Singapore) v. Pinnacle Performance Ltd., 297 F.R.D. 69, 72 (S.D.N.Y. 2013). As set forth below, defendants fail to make any showing of need for a stay, much less the "strong showing" of meritorious argument for dismissal, burdensome discovery, and lack of prejudice that this Court requires. See id. The motion should be denied.

A stay is unwarranted in this case, filed on April 26, 2023. Plaintiffs agreed to extend defendants' time to answer the Complaint three times, an extension totaling almost four months. Plaintiffs further agreed to await review of the motion to determine if amendment of the Complaint or other delays in the litigation schedule were warranted. (Doc. 27) Having reviewed defendants' motion to dismiss, plaintiffs will not amend the Complaint and see no basis for further delay. (Doc. 37) The motion to dismiss is without merit and attempts to introduce many extra-complaint facts that make the need for discovery manifest; to avoid duplication and inefficient use of the Court's time, further explanations are deferred to plaintiffs' opposition to the motion, due October 12.

Discovery has not begun. Judge Failla granted defendants' unopposed motion to adjourn the Initial Pretrial Conference. She instead set a pre-motion conference for defendants' motion to dismiss, pursuant to her individual rules. In that order, she noted defendants' unopposed assertion that the motion was "potentially dispositive." (Doc. 27). This statement was not a substantive evaluation of defendants' arguments, which had not yet been presented to the Court. When the Case was reassigned, Your Honor adjourned the pre-motion conference as not required under Your Honor's rules, and so-ordered the jointly agreed schedule for full briefing of the motion. (Doc. 31, 33)

Defendants speculate plaintiffs may seek broad and burdensome discovery (supra). That concern is unwarranted and premature. The parties have not yet conferred pursuant to Rule 26(f) and no discovery requests have been served. Plaintiffs are happy to discuss appropriate scope and burden, potentially conducting discovery in phases, for example deferring expert discovery. Many of the claims in this case simply concern written MTA policies that plaintiffs allege are facially discriminatory, and data on the "millions of rides" appears to be readily available to the

---

[2] Defendants' have reviewed Plaintiffs' position and note that we believe we have correctly and fairly stated the factors to be considered on this motion to stay and how they apply here. We also note that Plaintiffs do not and cannot deny that the granting of the motion would render any discovery entirely unnecessary; that the standard type of discovery Plaintiffs appear to seek would be extremely burdensome for the Transit Defendants; and that Plaintiffs' cries of prejudice should be given little weight given that Plaintiffs have waited a long time to raise their (in our view, meritless) complaints about the AAR program.

MTA and has been previously analyzed. See Complaint ¶¶ 10, 34-35 & nn. 15, 16, The MTA makes bare assertions their paratransit system is "complex," but fails to articulate any reason discovery here will be particularly burdensome. See Nielsen Co. 2023 WL 4363005, at *2 (S.D.N.Y. July 6, 2023) ("[C]ourts have declined to issue a stay where defendants fail to show why discovery would be burdensome" (collecting cases)).

Contrary to defendants' claims (supra), plaintiffs and the hundreds of thousands of proposed class members who rely on or want to use the MTA's paratransit service ("Paratransit Users") suffer serious prejudice from continued delay. The Complaint explains that the MTA is engaging, on an ongoing basis, in discrimination as expressly defined in the text of the ADA—providing paratransit service that is, by policy and design, not comparable to the fixed route subway and bus service. See 42 U.S.C. § 12143(a), (c)(1). The fact that Paratransit Users have been suffering this serious harm for decades is more, not less, reason for urgency. Each and every day, they cannot travel and live their lives in the same way that the MTA's subway and bus passengers do. Each and every day, they give up errands, work meetings, social engagements, worship, civic participation, medical visits, and other trips. Complaint ¶ 17; see Nielsen Co. 2023 WL 4363005, at *2 (S.D.N.Y. July 6, 2023) (finding prejudice where complaint alleges ongoing violation). It is time for defendants to recognize that denying the comparable service that the ADA and other laws requires is profoundly prejudicial to its disabled customers.

This motion for a stay should be denied and this case should proceed when the Court, in its discretion, schedules an Initial Pretrial Conference, without additional delay.

\* \* \*

The parties respectfully request the Court's guidance on this issue, are happy to attend a conference on the issue if the Court wishes, and thank the Court for its attention to this matter.

Respectfully Submitted,

| /s/ *Allan J. Arffa* | /s/ *Maia Goodell* | /s/ *Britney Wilson* |
|---|---|---|
| Allan J. Arffa | Maia Goodell | Britney Wilson |
| Gregory F. Laufer | Emily Bass | New York Law School |
| Tamar Holoshitz | VLADECK, RASKIN & | Legal Services, Inc. |
| PAUL, WEISS, RIFKIND, | CLARK, P.C. | 185 West Broadway |
| WHARTON & GARRISON LLP | 565 Fifth Avenue, 9th Floor | New York, NY 10013 |
| 1285 Avenue of the Americas | New York, NY 10017 | Britney.Wilson@nyls.edu |
| New York, NY 10019 | mgoodell@vladeck.com | |
| aarffa@paulweiss.com | | *Attorneys for Plaintiffs* |
| | *Attorneys for Plaintiffs* | |
| *Attorneys for MTA, NYCTA, Janno Lieber and Richard Davey* | | |