UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Luz PAULINO-SANTOS, Michael RING, Betty VEGA, and NEW YORK INTEGRATED NETWORK,<br><br>　　　　　　　　Plaintiffs,<br><br>　　　　　v.<br><br>METROPOLITAN TRANSIT AUTHORITY, NEW YORK CITY TRANSIT, John LIEBER, and Richard DAVEY.<br>　　　　　　　　Defendants. | Case No. 23-cv-3471(JGLC)<br><br>**STIPULATED<br>PROTECTIVE ORDER** |

　　　　　　In accordance with and pursuant to Fed. R. Civ. P. 26(c) and Fed. R. Evid. 502(d), the parties to this action, by and through counsel, agree as follows:

1.　　This Stipulated Protective Order is being entered into to facilitate the production, exchange and discovery of documents and information that merit confidential treatment (the "Documents" or "Testimony") in the above action (the "Action").

2.　　Any party may designate Documents produced, or Testimony given, in connection with this Action as "Confidential," or "Confidential Health/Medical Information," either by notation on each page of the Document so designated, a statement on the record of the deposition, or by written advice provided to the respective counsel for all affected parties, or by other appropriate means.

3.　　As used herein:

　　(a)　　"Confidential Information" shall mean all Documents and Testimony, and all information contained therein, and other information designated as confidential, if such Documents or Testimony contain trade secrets, proprietary business

        information, competitively sensitive information, sensitive personal information, or other information the disclosure of which would, in the good faith judgment of the party designating the material as confidential, be detrimental to that party, the conduct of that party's business or the business of any of that party's customers or clients.

(b)    "Confidential Health/Medical Information" means documents, testimony, information, ESI, or things that the Producing Party reasonably and in good faith believed related to the past, present, or future care, services, or supplies relating to the physical or mental health or condition of an individual, the provision of health care to such individual, or the past, present, or future payment or health insurance for the provision of health care to such individual.  These terms specifically include but are not limited to "protected health information" as such term is defined by the Standards for Privacy of Individually Identifiable Health Information, 45 C.F.R. Parts 160 and 164, promulgated pursuant to the Health Insurance Portability and Accountability Act of 1996, see 45 C.F .R. § 160.103 (defining "protected health information" and "individually identifiable health information"), as well as similar state and local laws and regulations. "Confidential Health/Medical Information" includes, but is not limited to, medical bills, claims forms, charge sheets, medical records, medical charts, test results, notes, dictation, invoices, itemized billing statements, remittance advice forms, explanations of benefits, checks, notices, and requests. "Confidential Health/Medical Information" also includes all notes, summaries, compilations, extracts, abstracts, or oral communications that contain, are based on, or are derived from "Confidential Health/Medical Information."

    Compliance with this Order shall satisfy the parties' obligations under applicable federal and state privacy laws, including but not limited to the Health Insurance Portability and Accountability Act of 1996 (Pub. L. No. 104-191).

  (c) "Producing Party" shall mean the party producing designated material in connection with depositions, document production or otherwise, or the party asserting confidentiality, as the case may be.

  (d) "Receiving Party" shall mean the party receiving designated material in connection with depositions, document production or otherwise.

4. The Receiving Party may, at any time, notify the Producing Party in writing that the Receiving Party does not concur with the designation of a document or other material as Confidential Information. If the Producing Party does not agree to declassify such document or material within seven (7) days of the written notification, the Receiving Party may move before the Court for an order declassifying those documents or materials. If no such motion is filed, such documents or materials shall continue to be treated as designated. If the motion is filed, the documents or other materials shall be treated as designated unless and until the Court rules otherwise. On such a motion, the Producing Party bears the burden of establishing the propriety of its designation of documents or information.

5. Except with the prior written consent of the Producing Party or by Order of the Court, designated material shall not be furnished, shown or disclosed to any person or entity except to:

  (a) for individual parties, the named plaintiff or defendant; or, for organizational parties, personnel of plaintiff or defendant with authority to make decisions related to the litigation (which means the executive director or president of the

organization, members of the board of directors and/or members of any litigation committee advising the board of directors) and personnel of plaintiff or defendant who otherwise need to review the documents in order to assist in the preparation of this Action for trial or other proceeding herein and who have been advised of their obligations hereunder;

(b) counsel for the parties to this Action (including in-house counsel working on the litigation) and their associated attorneys, paralegals and other professional and non-professional personnel (including support staff and outside copying or other litigation services) who are directly assisting such counsel in the preparation of this action for trial or other proceeding herein, are under the supervision or control of such counsel, and who have been advised by such counsel of their obligations hereunder;

(c) expert witnesses or consultants retained by the parties or their counsel to furnish technical or expert services in connection with this Action or to give testimony with respect to the subject matter of this action at the trial of this action or other proceeding herein; provided, however, that such designated material is furnished, shown or disclosed in accordance with paragraph 7 hereof;

(d) to those witnesses or potential witnesses who are or were also authors or recipients of those materials. Before designated material is disclosed for this purpose, each such person must agree to be bound by this Order, by signing a document substantially in the form of Exhibit A.

(e) the Court and court personnel;

    (f)    an officer before whom a deposition is taken, including stenographic reporters and any necessary secretarial, clerical or other personnel of such officer;

    (g)    trial and deposition witnesses, if furnished, shown or disclosed in accordance with paragraphs 8 and 9, respectively, hereof;

    (h)    mediators retained for this Action or appointed by the Court; and

    (i)    any other person agreed to by the Producing Party.

6. Designated material shall be utilized by the Receiving Party and its counsel only for purposes of this Action and for no other purposes.

7. Before any disclosure of designated material is made to an expert witness or consultant pursuant to paragraph 5(c), counsel for the Receiving Party shall obtain the expert's written agreement, in the form of Exhibit A attached hereto, to comply with and be bound by its terms. Counsel for the Receiving Party obtaining the certificate shall supply a copy to counsel for the other Parties at the time designated for expert disclosure, except that any certificate signed by an expert or consultant who is not expected to be called as a witness at trial is not required to be supplied.

8. Should the need arise for any party to disclose designated material during any hearing or trial before the Court, including through argument or the presentation of evidence, and should the parties not be able to resolve any disputes over the disclosure of designated material, such party may do so only after taking such steps as the Court, upon motion of the Producing Party, shall deem necessary to preserve the confidentiality of such designated material.

9. This Stipulated Protective Order shall not preclude counsel for any party from using during any deposition in this action any Documents or Testimony which has been designated

under the terms hereof. Any deposition witness who is given access to designated material (other than individuals listed in paragraph 5) shall, prior thereto, be provided with a copy of this Stipulated Protective Order and shall execute a written agreement, in the form of Exhibit A attached hereto, to comply with and be bound by its terms. Counsel for the party obtaining the certificate shall supply a copy to counsel for the other parties to the action.

10. A party may designate any document, information, or deposition testimony, or any portion thereof, produced or given by any non-party to this Action. In the case of Documents produced by a non-party, designation shall be made by notifying all counsel in writing of those documents which are to be stamped and treated as such at any time up to fifteen (15) days after actual receipt of copies of those documents by counsel for the party asserting confidentiality. In the case of deposition Testimony, designation shall be made by notifying all counsel in writing of those portions which are to be stamped or otherwise treated as such at any time up to fifteen (15) days after the transcript is received by counsel for the party asserting confidentiality. Prior to the expiration of such fifteen (15) day period (or until a designation is made by counsel, if such a designation is made in a shorter period of time), all such Documents and Testimony shall be treated as designated.

11. A Receiving Party who seeks to file a motion with the Court using Documents or Testimony which have previously been designated as comprising or containing Confidential Information or Confidential Health/Medical information, and/or any pleading, brief or memorandum which reproduces, paraphrases or discloses the designated material, shall provide all other parties with reasonable advance notice of its intentions; in the event the parties cannot resolve the issues, the parties may seek a conference with the Court. Unless the Court rules otherwise, all designated material filed with the Court shall be

redacted or filed under seal pursuant to this Court's Individual Rules of Practice and the Local Rules of the United States District Court for the Southern District of New York. Where possible, only confidential portions of filings with the Court shall be filed under seal.

12. Any person receiving designated material shall not reveal or discuss such information to or with any person not entitled to receive such information under the terms hereof.

13. Extracts and summaries of designated material shall also be treated as confidential in accordance with the provisions of this Stipulated Protective Order.

14. The production or disclosure of designated material shall in no way constitute a waiver of each Producing Party's right to object to the production or disclosure of other information in this action or in any other action.

15. This Stipulated Protective Order shall continue to be binding after the conclusion of this litigation except that (a) there shall be no restriction on documents that are used as exhibits in Court (unless such exhibits were filed under seal); and (b) a Receiving Party may seek the written permission of the Producing Party or further order of the Court with respect to dissolution or modification of any part of the Stipulated Protective Order.  The provisions of this Stipulated Protective Order shall, absent prior written consent of both parties, continue to be binding after the conclusion of this Action.

16. Nothing herein shall be deemed to waive any privilege recognized by law, or shall be deemed an admission as to the admissibility in evidence of any facts or documents revealed in the course of disclosure.

17. Within sixty (60) days after the final termination of this Action by settlement or exhaustion of all appeals, all Confidential Information produced or designated and all reproductions

thereof, shall be returned to the Producing Party or shall be destroyed. In the event that any Receiving Party chooses to destroy physical objects and documents, such Party shall certify in writing within sixty (60) days of the final termination of this Action that it has undertaken its best efforts to destroy such physical objects and documents, and that such physical objects and documents have been destroyed to the best of its knowledge. Notwithstanding anything to the contrary, counsel of record for the Parties may retain one copy of documents constituting work product, a copy of pleadings, motion papers, discovery responses, deposition transcripts and deposition and trial exhibits. This Stipulated Protective Order shall not be interpreted in a manner that would violate any rules of professional conduct. Nothing in this Stipulated Protective Order shall prohibit or interfere with the ability of counsel for any Receiving Party, or of experts specially retained for this case, to represent any individual, corporation, or other entity adverse to any party or their affiliate(s) in connection with any other matters.

18. Any document or information that may contain Confidential Information that has been inadvertently produced without identification as to its nature as Confidential Information or Confidential Health/Medical Information may be so designated by written notice to the undersigned counsel for the Receiving Party, identifying the document or information as Confidential Information or Confidential Health/Medical Information within a reasonable time following the discovery that the document or information has been produced without such designation.

19. Inadvertent Disclosure of Privilege Information

   (a) Pursuant to Fed. R. Evid. 502(d), if a Producing Party discloses information in connection with this Action that the Producing Party thereafter claims to be

privileged or protected by the attorney-client privilege, the attorney work product protection, or any other applicable privilege ("Privileged Material"), the disclosure of that Privileged Material will not constitute or be deemed a waiver or forfeiture of any claim of privilege or work product protection that the Producing Party would otherwise be entitled to assert with respect to the Privileged Material and its subject matter. This Order shall be interpreted to provide the maximum protection allowed under applicable law.

(b) If a Producing Party has disclosed or made available information it claims to be Privileged Material, the Producing Party may notify the Receiving Party of its claim and, within seven (7) days, provide a privilege log or revise its existing log. Upon such notification, the Receiving Party must take reasonable efforts pursuant to Rule 26 of the Federal Rules of Civil Procedure to promptly return, sequester, or destroy/delete the Privileged Material, any reasonably accessible copies it has, and any work product reflecting the contents of the Privileged Material; not use or disclose the information until the claim is resolved; and take reasonable steps to retrieve the information if the Receiving Party disclosed it to any other person or entity before receiving notice. For purposes of this Order, Privileged Material that is not reasonably accessible because of undue burden or cost is sequestered.

(c) Upon request of the Producing Party, the Receiving Party shall provide a certificate to the Producing Party that it has undertaken the foregoing efforts, and that it will cease further review, dissemination, and use of the Privileged Material.

    (d) The Receiving Party may move the Court for an order compelling production of the Privileged Material. The motion shall not assert as a ground for production the fact or circumstances of the initial production.

20. Nothing in this Order overrides any attorney's ethical responsibilities to refrain from examining or disclosing materials that the attorney knows or reasonably should know to be privileged and to inform the Disclosing Party that such materials have been produced.

21. Nothing in this Order limits the right of any party to petition the Court for an *in camera* review of the Privileged Information.

22. This Stipulated Protective Order may be changed by further order of this Court, and is without prejudice to the rights of a Party to move for relief from any of its provisions, or to seek or agree to different or additional protection for any particular material or information.

Dated:   New York, New York
         January 4, 2024

| | |
|---|---|
| VLADECK, RASKIN & CLARK, P.C. | PAUL, WEISS, RIFKIND, WHARTON & GARRISON, LLP |
| | |
| */s/ Maia Goodell* | */s/ Gregory F. Laufer* |
| Maia Goodell | Gregory F. Laufer |
| Emily Bass | Tamar Holoshitz |
| 111 Broadway, Suite1505 | Kerissa Barron |
| New York, New York 10006 | 1285 Avenue of the Americas |
| Email:  mcmgoodell@vladeck.com | New York, New York 10019 |
| | Phone:  212-373-3000 |
| NEW YORK LAW SCHOOL LEGAL SERVICES, INC. | Email:  aarffa@paulweiss.com |
| Britney Wilson | glaufer@paulweiss.com |
| 185 West Broadway | tholoshitz@paulweiss.com |
| New York, NY 10013 | kbarron@paulweiss.com |
| Email:  Britney.Wilson@nyls.edu | |
| | *Counsel for Defendants Metropolitan Transportation Authority, New York City Transit Authority, John Lieber, and Richard Davey* |
| **Attorneys for Plaintiffs** | |

**IT IS SO ORDERED:**

Dated:   January 8, 2024           *Jessica Clarke*

Hon. Jessica G. L. Clarke
United States District Judge