PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

1285 AVENUE OF THE AMERICAS
NEW YORK, NEW YORK 10019-6064
TELEPHONE (212) 373-3000

BEIJING          TOKYO
HONG KONG        TORONTO
LONDON           WASHINGTON, DC
LOS ANGELES      WILMINGTON
SAN FRANCISCO

Direct Dial:  (212) 373-3441
Email:  glaufer@paulweiss.com

March 6, 2024

<u>**Via ECF**</u>
The Honorable Judge Jessica G. L. Clarke
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

Re:    *Paulino-Santos, et al.* v. *Metropolitan Transit Authority,* et al.,
        23-cv-03471 (JGLC)

Dear Judge Clarke:

        We represent Defendants Metropolitan Transportation Authority, New York City Transit Authority, John Lieber, and Richard Davey (collectively, the "Defendants").  On February 27, 2024, plaintiffs filed their class certification motion and supporting papers.  (ECF Nos. 60–70.)  Certain papers were designated by the Defendants as confidential under the court-ordered protective order but were not filed under seal.  As such, and at our request, plaintiffs thereafter asked the Court to substitute certain exhibits to the Affidavit of Maia Goodell (the "Goodell Aff. Exs.") 1–3 with new, redacted versions and that Goodell Aff. Exs. 4 and 5 be filed under seal.  (ECF No. 71.)  Accordingly, and in accordance with Sections 5.d.i and 5.e.i of Your Honor's Individual Rules and Practices in Civil Cases, the Defendants now submit this letter explaining the need to redact and seal those exhibits, to which plaintiffs have consented.

        **Relevant Legal Standards.**  District courts have discretion to seal records under their "inherent 'equitable powers . . . over their own process to prevent abuses, oppression, and injustices.'"  *Int'l Prods. Corp.* v. *Koons*, 325 F.2d 403, 407-08 (2d Cir. 1963) (quoting *Gumbel* v. *Pitkin*, 124 U.S. 131, 144 (1888)); *see also Nixon* v. *Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978) ("the right to inspect . . . judicial records is not absolute," and "[e]very court has supervisory power over its own records and files").  In the Second Circuit, courts consider the following factors in assessing whether to seal documents:  (1) whether the materials are "judicial documents," (2) the weight of the public interest in access to these documents, and (3) the privacy interests of the parties.  *Lugosch* v. *Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006); *see also Ruiz* v. *Citibank, N.A.*, 93 F. Supp. 3d 279, 301 (S.D.N.Y. 2015); *GoSMiLE, Inc.* v. *Dr. Jonathan Levine, D.M.D. P.C.*, 769 F. Supp. 2d 630, 649 (S.D.N.Y. 2011).

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

2

Applying these standards, courts in this circuit have granted sealing requests where, in different circumstances, the privacy interests of a party outweigh the presumption of public access. *See, e.g.*, *In re Foreign Exch. Benchmark Rates Antitrust Litig.*, 2020 WL 6378936, *1 (S.D.N.Y., Oct. 30, 2020) (sealing documents to prevent the dissemination of confidential business information); *Toretto v. Donnelley Fin. Sols., Inc.*, 583 F. Supp. 3d 570, 608 (S.D.N.Y. 2022) (sealing an agreement containing sensitive business information); *Ruiz*, 93 F. Supp. 3d at 301 (sealing request granted upon finding "that the parties' interest in preserving Plaintiffs' financial privacy and protecting the confidentiality of certain of Defendants' manuals and training materials outweigh[ed] the public's interest in disclosure"); *GoSMiLE, Inc.*, 769 F. Supp. 2d at 649-50 (sealing exhibits annexed to plaintiff's counsel's reply declaration, upon finding the privacy interest in the "highly proprietary material" in these exhibits pertaining to "marketing strategies, product development, costs and budgeting . . . outweigh[ed] the presumption of public access"). The Court may grant a request to seal documents to protect "confidential business information." *Kewazinga Corp. v. Google LLC*, 2020 WL 8224932, *1 (S.D.N.Y., July 22, 2020).

**The Documents at Issue Here.**    Sealing Goodell Aff. Exs. 4 and 5 is appropriate. Those documents were designated as "Confidential" pursuant to the Stipulated Protective Order (ECF No. 55).   Under the Protective Order, "competitively sensitive information, sensitive personal information, or other information the disclosure of which would, in the good faith judgment of the party designating the material as confidential, be detrimental to that party" constitutes "Confidential Information." (ECF No. 55 at ¶ 3(a).)   Further, the parties agreed that materials designated as "Confidential Information" will be "redacted or filed under seal."  (ECF No. 55 at ¶ 11.)  The Defendants have identified these documents as containing competitively sensitive information and sensitive personal information, both of which plaintiffs do not contest.

More specifically, the documents at issue contain aggregated data describing the number of, and percentage change in, Access-A-Ride registrants, potential applicants, and eligibility determinations on a month-by-month basis for both 2022 and 2023.  In addition to the raw data, the documents include comments about the capacity of existing Assessment Centers and the timing of new assessment center contracts.  All of this information, if disclosed, could cause the Defendants "competitive harm" by hindering their ability to negotiate contracts with third parties in the future.  *See Toretto*, 583 F. Supp. 3d at 608 (sealing a document that could "cause competitive harm to Defendants").

Allowing the redactions to Goodell Aff. Exs. 1–3 is also appropriate because those documents contain sensitive personal information, including names, home addresses, and AAR ID numbers.  Courts in this circuit have granted sealing requests to protect the public dissemination of personal information.  *United States v. Sattar*, 471 F. Supp. 2d, 388 (S.D.N.Y. 2006) (authorizing the redaction of documents containing "personal details"); *United States v. Kakkera*, 2023 WL 4624681, *2 (S.D.N.Y., July 19, 2023) (holding that "personal information" should "remain under seal").  As a result, the redactions to Goodell Aff. Exs. 1–3 are appropriate where they remove the personally identifying information.

\*        \*        \*

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

3

For all these reasons, the Defendants respectfully join plaintiffs' request that the Court (a) seal Goodell Aff. Exs. 4 and 5 and (b) substitute Goodell Aff. Exs. 1–3 with the redacted versions filed on March 1, 2024.

Sincerely,

/s/ *Gregory F. Laufer*

Gregory F. Laufer