UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Luz PAULINO-SANTOS, Michael RING, Betty VEGA, and NEW YORK INTEGRATED NETWORK,<br><br>                  Plaintiffs,<br><br>                  v.<br><br>METROPOLITAN TRANSIT AUTHORITY, NEW YORK CITY TRANSIT, John LIEBER, and Richard DAVEY.<br>                  Defendants. | Case No. 23-cv-3471(JGLC)<br><br>**STIPULATION AND [PROPOSED] ORDER CERTIFYING CLASS** |

**WHEREAS,** on February 27, 2024, Plaintiffs in the above-captioned action (the "Proposed Class Representatives") filed a class certification motion on behalf of themselves and a putative class consisting of all "Paratransit Users," defined to mean "[a]ll people who cannot consistently use fixed-route transit because of a disability, and who use Access-A-Ride or would use Access-A-Ride if it had response and travel times more comparable to the MTA's fixed-route transit," ECF 59 at 1, 7;

**WHEREAS,** the Parties have conferred regarding class certification and have agreed, subject to the approval of the Court, to the terms and conditions set forth in this Stipulation;

**WHEREAS,** the Parties agree and stipulate that the requirements of Rule 23(a) and 23(b)(2) of the Federal Rules of Civil Procedure have been met;

**WHEREAS,** nothing contained herein shall be construed as an admission on the part of Defendants as to the truth of any of the allegations in the Complaint;

**WHEREAS,** Plaintiffs acknowledge that Defendants deny the substantive allegations of the class, including, without limitation, that the MTA has failed to provide comparable service to

Paratransit Users in violation of the requirements of Title II of the American with Disabilities Act (the "ADA"), 42 U.S.C. § 12132; Section 504 of the Rehabilitation Act of 1973 ("Section 504"), 29 U.S.C. § 794; and the New York City Human Rights Law (the "NYCHRL"), N.Y.C. Admin. Code § 8-107(4) *et seq*.;

**WHEREAS,** Defendants reserve the right to contest any factual representation made by any of the Proposed Class Representatives or any other class member;

**NOW, THEREFORE, IT IS STIPULATED AND SO ORDERED THAT:**

1. The requirements of Rule 23(a) and 23(b)(2) of the Federal Rules of Civil Procedure having been met, this action is certified to proceed as a class action on behalf of all people who cannot consistently use fixed-route transit (defined as subways and buses operating solely within New York City) because of a disability, and who use Access-A-Ride or would use Access-A-Ride if it had response and travel times more comparable to the MTA's fixed-route transit (the "Class").

2. Lucy "Luz" Paulino-Santos, Betty Vega, and the New York Integrated Network ("NYIN") are appointed representatives for the Class.

3. Vladeck, Raskin & Clark, P.C., and New York Law School Legal Services, Inc., are appointed counsel for the Class.

Dated: April 10, 2024
New York, New York

|  |  |
|---|---|
|  | PAUL WEISS, RIFKIND, WHARTON & GARRISON |
| By: */s/ Maia Goodell* | By: */s/ Gregory F. Laufer* |
| VLADECK, RASKIN & CLARK, P.C.<br>Maia Goodell<br>Emily Bass<br>111 Broadway, Suite 1505<br>New York, NY 10006<br>Tel: (212) 403-7300<br>mgoodell@vladeck.com | Gregory F. Laufer<br>Tamar Holoshitz<br>Kerissa N. Barron<br>Matthew Clarida<br>PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP<br>1285 Avenue of the Americas<br>New York, New York 10019<br>Tel: (212) 373-3000<br>glaufer@paulweiss.com<br>tholoshitz@paulweiss.com<br>kbarron@paulweiss.com<br>mclarida@paulweiss.com |
| NEW YORK LAW SCHOOL LEGAL SERVICES, INC.<br>Britney R. Wilson<br>185 West Broadway<br>New York, NY 10013<br>Britney.Wilson@nyls.edu | *Attorneys for Defendants* |
| *Attorneys for Plaintiffs* |  |

_____
The Honorable Jessica G.L. Clarke
United States District Court
Southern District Court of New York