UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LUZ PAULINO-SANTOS, MICHAEL RING,
BETTY VEGA and NEW YORK
INTEGRATED NETWORK,

                    Plaintiffs,

-against-                         23-CV-3471 (JGLC)

METROPOLITAN TRANSIT AUTHORITY,       **ORDER**
NEW YORK CITY TRANSIT, JOHN
LIEBER and RICHARD DAVEY,

                    Defendants.

JESSICA G. L. CLARKE, United States District Judge:

        The motion to seal, *see* ECF No. 71, is GRANTED in part and DENIED in part. Pursuant to Individual Rule 5(a)–(b), the parties may substitute Exhibits 1–3 of ECF No. 60 ("Goodell Decl.") with the new, redacted versions at ECF No. 71-1–71-3, no later than **April 15, 2024**.

        Defendants request to seal Exhibits 4 and 5 of the Goodell Decl., which are charts containing "aggregated data describing the number of, and percentage change in, Access-A-Ride registrants, potential applicants, and eligibility determinations on a month-by-month basis for both 2022 and 2023." ECF No. 72. This application is DENIED for several reasons.

        First, these exhibits are certainly judicial documents to which a strong presumption of public access attaches. *See McKoy v. Trump Corp.*, No. 18-CV-9936 (LGS), 2024 WL 449979, at *1 (S.D.N.Y. Feb. 6, 2024) (quoting *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 121 (2d Cir. 2006)) (internal quotation marks omitted) ("[E]xhibits related to motions for class certification are judicial documents" to which "a strong presumption of access attaches.").

        Second, the fact that a document is restricted by a protective order "has no bearing on the presumption of access that attaches when it becomes a judicial document." *Collado v. City of*

*New York*, 193 F. Supp. 3d 286, 289–90 (S.D.N.Y. 2016).

Third, the MTA is a public benefit corporation chartered by the New York State Legislature (and NYCTA a subsidiary thereof), *see* ECF No. 76 at 3, 13, rather than a privately held business, which certainly "reduces the weight of its privacy interests." *Boothbay Absolute Return Strategies, LP v. Belgische Scheepvaartmaatschappij-Compagnie Mar. Belge SA*, No. 24-CV-1445 (JGLC), 2024 WL 1097128, at *9 (S.D.N.Y. Mar. 13, 2024) (citation omitted).

Fourth, considering the MTA's status as a public benefit corporation, and that the data in the charts pertains to its operation of public transit services for individuals with disabilities, "the value of public disclosure is substantial and the privacy interests at stake are minimal." *Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 143 (2d Cir. 2016).

Fifth, although Defendants speculate that disclosure of these exhibits "could cause the Defendants 'competitive harm' by hindering their ability to negotiate contracts with third parties in the future," ECF No. 72, this conclusory assertion fails to sufficiently demonstrate "why the materials in question are particularly commercially sensitive or how their disclosure would cause serious injury." *Boothbay*, 2024 WL 1097128, at *9.

Accordingly, competing considerations do not outweigh the strong presumption of public access that attaches to ECF Nos. 60-4 and 60-5. *See Lugosch*, 435 F.3d at 120.

The Clerk of Court is directed to unseal ECF Nos. 60-4 and 60-5 and terminate ECF No 71.

Dated: April 12, 2024
      New York, New York

SO ORDERED.

*Jessica Clarke*

JESSICA G. L. CLARKE
United States District Judge