UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Luz PAULINO-SANTOS, Michael RING, Betty VEGA, and NEW YORK INTEGRATED NETWORK,<br><br>Plaintiffs,<br><br>v.<br><br>METROPOLITAN TRANSIT AUTHORITY, NEW YORK CITY TRANSIT, John LIEBER, and Richard DAVEY.<br><br>Defendants. | Case No. 23-cv-3471(JGLC)<br><br>**RULE 502(d) ORDER** |

WHEREAS, the Court believes that it will promote the efficient adjudication of this litigation to supplement the existing Amended Stipulated Protective Order entered by the Court on July 25, 2024 by entering this order pursuant to Federal Rule of Evidence 502(d) (the "502(d) Order"); and

WHEREAS, to moot or narrow certain discovery issues or disputes in this litigation, the parties may produce certain documents which they assert are covered by the deliberative process privilege subject to this 502(d) Order (the "Privileged Discovery Material");

**IT IS HEREBY ORDERED** that:

1. This 502(d) Order shall govern the treatment, use, and effect of Privileged Discovery Material produced under this 502(d) Order.

2. Parties and third parties who produce any Privileged Discovery Material pursuant and subject to the provisions of this 502(d) Order ("502(d) Producing Parties") will designate the

Privileged Discovery Material as "Confidential—Non-Waiver" (the Privileged Discovery Material, once so produced, is referred to herein as the "502(d) Discovery Material").

3. Pursuant to Federal Rule of Evidence 502(d), the production, disclosure or use of 502(d) Discovery Material shall not constitute a subject matter waiver of deliberative process privilege in this litigation, or in any other proceeding.

4. In this matter, in response to a valid document request, Defendants will not withhold any responsive documents, or seek to preclude any use of documents or the information contained in them, on the basis of the deliberative process privilege.

5. The terms of paragraph 20 of the Stipulated Protective Order are expressly incorporated herein and apply to any documents or information inadvertently produced, including any documents designated as "Confidential—Non-Waiver."

6. Nothing herein requires any party or third party to disclose or produce documents pursuant to this 502(d) Order.

7. The provisions of Federal Rule of Evidence 502(b) do not apply.

8. The parties reserve all rights to make any other applicable legal arguments.

9. Except as expressly stated herein, nothing in this order shall modify any prior agreements among the parties and/or any third parties concerning the conduct of discovery in this litigation.

**IT IS SO ORDERED:**

Dated: August 26, 2024

*Jessica Clarke*
Hon. Jessica G. L. Clarke
United States District Judge

2