UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

LUZ PAULINO-SANTOS, MICHAEL RING, BETTY VEGA, and NEW YORK INTEGRATED NETWORK,

                Plaintiffs,

-against-

METROPOLITAN TRANSIT AUTHORITY, NEW YORK CITY TRANSIT, JOHN LIEBER and RICHARD DAVEY,

                Defendants.

23-CV-3471 (JGLC)

**OPINION AND ORDER**

---

JESSICA G. L. CLARKE, United States District Judge:

    Plaintiffs bring this action to reform New York City's paratransit system, Access-A-Ride ("AAR"). AAR is operated by Defendants Metropolitan Transportation Authority ("MTA") and the New York City Transit Authority (the "NYCTA"). AAR receives a substantial portion of its funding from New York City. The City, however, assumes no operating responsibilities for the program and is not a defendant here. Defendants now move this Court to add the City as a defendant, claiming that the City is a necessary party or, at a minimum, should be permissively joined. To support this argument, Defendants rely primarily on a premature contention: that any relief Plaintiffs may be awarded in this action will require substantial funding, and therefore additional funding from the City, to implement. The City opposes this request, disclaiming that it is a necessary party or that it would be prejudiced by not being added to this action.

    Defendants also argue that Plaintiff's city law claim should be dismissed because Plaintiffs failed to provide notice to the City of its claim. The City, however, clearly has notice of this Action, and in any event, courts repeatedly reject this argument as a basis for dismissal. This Court does as well. As such, Defendants' motion is denied in full.

## BACKGROUND

Plaintiffs Luz Paulino-Santos, Betty Vega, and New York Integrated Network ("Plaintiffs") bring this putative class action against the MTA, the NYCTA, John Lieber, in his official capacity as Chair and Chief Executive Officer of the MTA, and Demetrius Crichlow,[1] in his official capacity as President of NYCTA (collectively, "Defendants"), asserting claims under Title II of the Americans with Disabilities Act ("ADA"), Section 504 of the Rehabilitation Act of 1973 (the "Rehabilitation Act") and Section 8-107 of the New York City Human Rights Law ("NYCHRL"). ECF No. 1 ("Complaint" or "Compl.") ¶¶ 22–30, 175–97. Plaintiffs seek declaratory and injunctive relief with respect to AAR, which provides service to approximately 173,000 registered users. *Id.* ¶¶ 8, 34, 165. Plaintiffs claim that AAR does not provide access to public transit for individuals with disabilities that is "comparable" to the services the MTA provides to individuals without disabilities through its fixed-route transit like subways and buses. Compl. ¶¶ 1–2.

Defendants operate AAR pursuant to a Paratransit Agreement with the City. ECF No. 99-1 ("Agreement"). Under that agreement, which was entered into in 1993, the City and the MTA agreed that the NYCTA would assume all operating responsibilities for paratransit service, and the City will fund a portion of the costs. ECF No. 98 ("Mot.") at 1–2; Agreement § 2.01–3.03. The Agreement states that the City "shall pay to the NYCTA the lesser of (a) thirty-three percent of the Net Paratransit Operating Expenses; or, (b) an amount that is twenty percent greater than the amount required to be paid by the City pursuant to this Agreement for the preceding calendar year." Mot. at 4; Agreement § 3.02. The amount the City pays toward AAR, however, has

---

[1] Defendants inform the Court that Defendant Richard Davey resigned his position at the NYCTA effective May 29, 2024, and request to substitute his successor, Demetrius Crichlow, as a party to this action. ECF No. 98 at n.2. The Court grants this request.

2

fluctuated and is also "subject to acts of the New York State Legislature." ECF No. 108 ("City Letter") at 1. The City currently funds 80% of the paratransit budget, but that amount is expected to fall in five years. Mot. at 5; ECF No. 99-2 at D §§ 5(b), 9.

## PROCEDURAL HISTORY

This action was initiated on April 26, 2023. ECF No. 1. Plaintiffs bring claims under the ADA, Rehabilitation Act, and NYCHRL. On August 24, 2023, Defendants moved to dismiss Plaintiffs' complaint pursuant to 12(b)(1) and 12(b)(6). ECF Nos. 34 and 35. The Court largely denied Defendants' motion, including with respect to Plaintiffs' NYCHRL claim. ECF No. 76.

Defendants again move to dismiss Plaintiffs' NYCHRL claim for failure to timely comply with the service requirement under New York City Administrative Code § 8-502(c). ECF Nos. 97–99 ("Motion"). Defendants also seek to join the City as a party to this action. *Id*. The City was served with the notice under Section 8-502(c) on or about August 20, 2024. ECF No. 106 at 3. Plaintiffs opposed the Motion on August 29, 2024. ECF No. 106 ("Opp."). One day later, the Office of the Corporation Counsel, representing the City as a non-party, filed a letter to the Court stating that "[i]t is the City's position that the City is not a necessary party to the Action." City Letter at 1. The City's letter also offered to submit briefing addressing the joinder issues raised in Defendants' Motion if the Court requested it. *Id.* at 2. The Court found the letter to be sufficient without the need for additional briefing. *Id.* The Motion was fully briefed as of September 16, 2024. ECF No. 113 ("Reply").

## DISCUSSION

Applying the relevant legal standards, the Court declines to dismiss Plaintiffs' NYCHRL claims for failure to provide timely notice, finding that the objective of the notice statute has been met. The Court also declines to join the City as a necessary party, finding that the City of

3

New York is not a required party under Federal Rule of Civil Procedure 19. Complete relief can be accorded without the City's participation and disposing of the action without the City's participation would not impair or impede the City's ability to protect its interest, nor leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations. Indeed, the City has expressly disclaimed any interest in this action. The Court similarly finds permissive joinder under Federal Rule of Civil Procedure 20 is improper given that neither Plaintiffs nor Defendants have asserted claims against the City, and the City is not seeking to be permissively joined in this suit.

## I.     Plaintiffs' Failure to Provide Timely Notice Under New York Administrative Code Section 8-502(c) Is Not Fatal to Their Claim

New York City Administrative Code requires that "[w]ithin 10 days after having commenced a civil action pursuant to . . . this section, the plaintiff shall serve a copy of the complaint upon such authorized representatives [from the City Commission on Human Rights ("CCHR") and the corporation counsel]." N.Y.C. Admin. Code § 8-502(c). "[T]he purpose of Section 8-502(c) is to give notice to New York City of Title 8 lawsuits . . . ." *Wills v. Key Food Stores Co-operative, Inc.*, No. 95-CV-5333 (SJ), 1997 WL 168590, at *8 (E.D.N.Y. Apr. 9, 1997). Service under the statute is not, however, a condition precedent to suit. *See Harrison v. Indosuez*, 6 F. Supp. 2d 224, 234 (S.D.N.Y. 1998).

It is undisputed that Plaintiffs failed to timely serve the Complaint in accordance with the Administrative Code. *See* Opp. at 7. However, "most courts in this district have found that failure to serve under this provision does not justify dismissal." *Chau v. Donovan*, 357 F. Supp. 3d 276, 287 (S.D.N.Y. 2019) (citing *Fakir v. Skyrise Rock Corp.*, No. 16-CV-4695 (JPO), 2016 WL 7192095, at *2 (S.D.N.Y. Dec. 12, 2016); *see also Simmons v. Sea Gate Ass'n,* No. 12-CV-4949 (WFK) (JMA), 2013 WL 5774594, at *6 (E.D.N.Y. Oct. 24, 2013) ("The majority of courts

4

in this Circuit, as well as the First and Second Departments of the New York Appellate Division, have held that a failure to serve the CCHR or Corporation Counsel does not bar a plaintiff's suit under Section 8–502(c).")." This Court agrees.

"[T]he policy behind § 8-502(c) appears to be to provide notice . . . ." *Robins v. Max Mara, U.S.A., Inc.*, 923 F. Supp. 460, 465 (S.D.N.Y. 1996). As Plaintiffs have demonstrated, the City of New York was likely on notice of the instant action prior to receiving service. *See* Opp. at 3. And in any event, it is clearly on notice now. The City has since been served in accordance with the statue, *id.* at 7, and has appeared in this action, opposing a request to be joined. Thus, the objective of the statute has been met. Though Defendants claim that "dismissal [] without prejudice, allowing Plaintiffs to replead" would be a "far superior" outcome to the "*status quo*," Mot. at 7, "[t]o dismiss [Plaintiffs'] City law claim and have [them] refile it the following day would be to exalt form over substance." *McIlwain v. Korbean Int'l Inv. Corp.*, 896 F. Supp. 1373, 1384 (S.D.N.Y. 1995). Accordingly, the Court denies Defendants' motion to dismiss Plaintiffs' NYCHRL claim.

## II.     Motion for Joinder Under Federal Rule of Civil Procedure 19 Is Denied

Federal Rule of Civil Procedure 19 governs joinder of necessary parties. The rule states that "[a] person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if: (A) in that person's absence, the court cannot accord complete relief among existing parties; or (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may: (i) as a practical matter impair or impede the person's ability to protect the interest; or (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest." Fed. R. Civ. P. 19(a). "If a person has

not been joined as required, the court must order that the person be made a party." Fed. R. Civ. P. 19(a)(2).

### A. The City of New York Is Not a Required Party Under Rule 19(a)(1)(A)

Defendants contend that the Court cannot accord complete relief here without the City, because the remedy Plaintiffs seek is costly and those costs would largely fall on the City to pay for because of their funding obligations to AAR. Mot. at 9. This argument fails for several reasons.

First, Defendants' argument relies exclusively on speculation as to the cost of any relief that would be ordered here if Plaintiffs were to succeed. Defendants claim that the Court cannot accord complete relief "without the City making additional funding commitments above and beyond current levels." Reply at 2. However, the parties dispute, and the Court cannot resolve at this juncture, whether this increased funding that Defendants anticipate is likely to occur. Indeed, one defense Defendants rely on here is undue burden, Mot. at 2, in which the financial resources of Defendants and the costs of any reform is specifically considered. *See Am. Council of the Blind of New York, Inc. v. City of New York*, 579 F. Supp. 3d 539, 576–83 (S.D.N.Y. 2021) (discussing the undue burden analysis under the ADA and NYCHRL).

Second, setting aside speculation about the cost of any reforms, Defendants have not demonstrated that the City is necessary to implement any reforms Plaintiffs may seek. "A party is necessary under Rule 19(a)(1) only if in that party's absence 'complete relief cannot be accorded among those already parties.'" *MasterCard Int'l Inc. v. Visa Int'l Serv. Ass'n, Inc.*, 471 F.3d 377, 385 (2d Cir. 2006) (citing Fed. R. Civ. P. 19(a)(1)). The parties agree that only Defendants operate AAR, and that the City's only role is funding. *See* Mem. at 5; Opp. at 5, 13. The City's obligation to fund a portion of the MTA's budget for the AAR program exists

irrespective of what paratransit policies and processes the MTA implements. *See generally* Agreement. As such, Defendants alone have the ability to implement changes to the AAR system and accord complete relief.

Third, Defendants fail to cite any authority suggesting that a funding commitment under a separate contract, which is not the subject of the present litigation, requires joinder of a non-party under Rule 19. Nor can the Court identify any precedent for this proposition. The cases Defendants rely on are all distinguishable. Indeed, the case law cited by Defendants discusses scenarios where the named Defendant either had no control over the challenged policies or the non-party's approval was required to effectuate the outcome sought by Plaintiffs. *See M.G. v. New York City Dep't of Educ.*, 15 F. Supp. 3d 296, 306 (S.D.N.Y. 2014) ("Because the [named defendant] has no control over state policies and practices, it can offer no relief in response to these particular claims. Thus, [the nonparty] is a necessary party under Rule 19 . . . ."); *Associated Dry Goods Corp. v. Towers Fin. Corp.*, 920 F.2d 1121, 1124 (2d Cir. 1990) ("[Landlord] may be considered a party to be joined if feasible under Rule 19(a), since without [Landlord], [Subletter] would not be able to obtain full injunctive relief on any counterclaim it asserts against [Sublessor] to increase electrical capacity."); *City of Syracuse v. Onondaga County*, 464 F. 3d 297, 309 (2d Cir. 2006) (finding that where the named defendant "refrained from exercising its condemnation authority" and "confirmed . . . that it would not exercise that authority in the future . . . complete relief [could] not be accorded among those already parties," rendering joinder necessary); *Ram v. Lal*, 906 F. Supp. 2d 59, 78 (E.D.N.Y. 2012) (finding in favor of joinder where "the conduct alleged in the Complaint for which the [] Plaintiffs seek relief seems to be solely the responsibility of the [parties to be joined]"); *Delcom Const. Corp. v. U.S. Dep't of Hous. & Urb. Dev.*, 205 F.R.D. 145, 147–48 (S.D.N.Y. 2002) (joining a non-party

as necessary in an action for amounts due for work performed under a contract where the non-party was a party to the underlying contract); *Ravelombonjy v. Zinsou-Fatimabay*, 632 F. Supp. 3d 239, 260 (S.D.N.Y. 2002) (joining a nonparty where the court could not "conclusively determine" whether the named Defendant or nonparty was party to the underlying employment contract at issue). Here, the MTA is solely responsible for the AAR program's execution, and the funding arrangement with the City is not an underlying contract forming the basis of Plaintiffs' suit.

Lastly, Defendants' claim that "any injunctive relief granted in this case would extend only to the present Defendants and would not be enforceable as it pertains to the City," Mot. at 11, is similarly unpersuasive. Should the City fail to provide funding to the MTA in accordance with the Paratransit Agreement, the MTA may move to enforce the agreement in a separate action. *See* Agreement at 19. Joinder under Rule 19 is not concerned with potential litigation involving nonparties to the action. *See MasterCard Int'l Inc.*, 471 F.3d at 385 (noting that Rule 19 does not necessitate joinder of a non-party even when future litigation between a named party and the non-party is "inevitable").

### B. Joinder Is Improper Under Rule 19(a)(1)(B)

Defendants also do not convince that Court that joinder is proper under Rule 19(a)(1)(B). This rule applies where in the interested entity's absence, disposing of the action would impair or impede that entity's ability to protect its interest or leave an existing party subject to a "substantial risk of incurring double, multiple or otherwise inconsistent obligations because of the interest." FED. R. CIV. P. 19(a)(1)(B). However, Rule 19(a)(1)(B) specifies that it applies where the entity to be joined—here, the City—"claims an interest relating to the subject of the action." The City has expressly *disclaimed* any interest in this litigation. City Letter at 1. As

such, Rule 19(a)(1)(B) is inapplicable. *See Romag Fasteners, Inc. v. Bauer*, No. 11-CV-3181 (PAC), 2011 WL 5513380, at *4 (S.D.N.Y. Nov. 9, 2011) ("In light of [nonparty's] express disclaimer of any interest in enforcing the Judgment, Rule 19(a)(1)(B) cannot be used by the [Defendant] to argue that [nonparty] is a necessary party to this action."); *see also Aguinaga v. UBS AG*, No. 09-CV-3261 (RJH), 2010 WL 5093433, at *10 (S.D.N.Y. Dec. 14, 2010) ("[A] party cannot qualify as required under either subsection of Rule 19(a)(1)(B) if it does not *claim an interest* relating to the subject of the action.") (internal citation and quotation marks omitted).

Even if Rule 19(a)(1)(B) applied, Defendants' motion under this rule would still fail. First, Defendants claim that the City's interests will be impeded if Plaintiffs succeed in this action. However, the City has had the opportunity to assert any interest it has here and expressly declined to do so. Defendants' arguments to the contrary are unavailing.

Second, Defendants fail to articulate how they would potentially be subject to double, multiple, or otherwise inconsistent obligations. Although they claim this prejudice will occur, they fail to explain how or why that is. Instead, they claim that the City might need to increase their funding to Defendants or the City might avoid their payment obligations. The former is not an inconsistent or unfair obligation to Defendants; the latter is a contract dispute that Defendants can address through a separate action.

Lastly, Defendants' argument that they cannot properly assert an undue burden defense without the City is also meritless. They claim that without the City, they "may not be able to access the documents and witnesses required to raise and assess these defenses." Mot. at 14. Again, Defendants fail to explain why that is. And the Court sees no reason why Defendants cannot take any third-party discovery they need here.

As such, Rule 19(a)(1)(B) does not warrant joinder.

9

### III.     Motion for Joinder Under Federal Rule of Civil Procedure 20 Is Denied

Federal Rule of Civil Procedure 20 governs permissive joinder of parties. Under Rule 20(a)(2), defendants may be joined in an action if (A) "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences," and (B) "any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). "Party joinder 'may be used by a defendant only if the defendant has asserted a counterclaim or cross claim in the action.'" *Acosta v. Nat'l Ass'n of Letter Carriers, AFL-CIO, Branch 19*, No. 18-CV-1030 (DFM), 2019 WL 13293055, at *1 (D. Conn. Apr. 4, 2019) (citing 4 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE ¶ 20.02(1)(c) (3rd ed. 2018)). Here, neither Plaintiffs nor Defendants have asserted claims against the City, and the City is not seeking to be permissively joined. As such, this Rule is likewise inapplicable.

### CONCLUSION

For the reasons set forth herein, Defendants' motion to dismiss Plaintiffs' NYCHRL claims is DENIED, and Defendants' motion for joinder of the City of New York as a party is DENIED. The Clerk of Court is directed to terminate ECF No. 97.

The Clerk of Court is further directed to: (1) terminate Defendant Richard Davey and add Demetrius Crichlow as a defendant; (2) terminate Plaintiff Michael Ring; and (3) correct Defendant "New York City Transit" to "New York City Transit Authority."

Dated: January 23, 2025
      New York, New York

SO ORDERED.

*Jessica Clarke*

JESSICA G. L. CLARKE
United States District Judge