UNITED STATES DISTRICT COURT
SOUTHERN DISRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
Luz PAULINO-SANTOS, Betty VEGA, and NEW
YORK INTEGRATED NETWORK,

                      *Plaintiffs,*         Case No. 23-cv-03471 (JGLC)
                                                Hon. Jessica G. L. Clarke

                      *v.*

METROPOLITAN TRANSPORTATION
AUTHORITY, NEW YORK CITY TRANSIT
AUTHORITY, John LIEBER, and Demetrious
CRICHLOW,

                      *Defendants.*
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## APPLICATION FOR THE COURT TO REQUEST
## PRO BONO COUNSEL FOR THIRD PARTY NON-RETAINED EXPERT

      Plaintiffs ask the Court to request a pro bono attorney to represent Bhairavi Desai and the New York Taxi Workers' Alliance (TWA), a third party, non-retained expert, to respond or object to a document subpoena defendants have served, and for any further discovery that defendants demand from TWA.

      1.     TWA is a small nonprofit that represents New York's taxi, for-hire, and similar drivers.

      2.     Plaintiffs disclosed Desai, TWA's President, to defendants as a potential non-retained expert on April 15, 2025. This disclosure was made with TWA's consent, after discussions among plaintiffs' counsel, Desai, and the organization's staff attorney confirmed that she has expertise that may assist the trier of fact on certain issues in the case. (Ex. 1)

      3.     Desai, based on her education, training, experience, and first-hand knowledge as Executive Director of TWA, offered the opinions summarized in plaintiffs' expert disclosures. (See Ex. 1) Desai's opinions are relevant to claims made by defendants' witnesses in depositions

1

near the end of discovery, suggesting that availability of vehicles or drivers, not just cost, limits Access-A-Ride service.

4. Plaintiffs' counsel, of course, does not represent Desai or TWA as a non-retained expert.

5. Defendants served an 11-page document subpoena, including five pages of complex ESI protocols, on TWA on May 15, 2025. (Ex. 2). Compelling discovery from a non-retained expert requires a showing of substantial need for the material that cannot be otherwise met without undue hardship and assurance that the subpoenaed person will be reasonably compensated, and is analyzed under a multi-factor test. In re World Trade Ctr. Lower Manhattan Disaster Site Litig., 304 F.R.D. 379, 382 (S.D.N.Y. 2015); see Carmona v. U.S. Bureau of Prisons, 243 F.3d 629, 632 (2d Cir. 2001) (considering substance of claim and "legal complexity of the case" in assessing a request to appoint pro bono counsel under 28 U.S.C. § 1915(e)(1)).

6. TWA informs us that they have made diligent efforts to seek pro bono counsel, and that their staff attorney does not have capacity to respond to the subpoena as she has other work and little federal court experience. See Carmona, 243 F.3d at 632 (considering "the ability of the litigant to navigate the legal minefield unassisted").

7. Plaintiffs have made, and continue to make, diligent efforts to secure pro bono counsel for TWA, but have so far not found anyone.

8. Facing the prospect of responding to the subpoena without help, TWA has indicated it will seek to withdraw as a testifying expert if it does not immediately secure outside counsel. It expresses serious concern about the Fed. R. Civ. P. 45(d)(2)(B) deadline to assert objections to a subpoena, and the ongoing burden on its limited resources.

9. As this Court is aware, defendants previously demanded and received document and deposition testimony from nonprofits even after the nonprofits offered to stipulate they would not provide any evidence in this matter. (ECF 110, 111) Because those organizations are non-participating members of New York Integrated Network (NYIN), plaintiffs' counsel represented them in the discovery process. To date, that has included email searches, review of more than 15,000 documents, and in-person depositions. Here, TWA is an independent, non-retained expert, so plaintiffs' counsel cannot shoulder the legal load for them.

10. As such, appointment of pro bono counsel, for the limited purpose of representing TWA as a third party, non-retained expert responding to defendants' subpoena(s) in this matter will serve the interest of justice. Unless TWA receives the aid of outside counsel, the Court may lose the benefit of helpful testimony in this case. See Carmona, 243 F.3d at 632 (instructing courts to consider "any other reason why in the particular case appointment of counsel would more probably lead to a just resolution of the dispute" in assessing a request under 28 U.S.C. § 1915(e)(1)).

I declare under penalty of perjury that the foregoing is true and correct. Executed on May 23, 2025 in New York, New York.

    s/Maia Goodell
VLADECK, RASKIN & CLARK, P.C.
Maia Goodell
Emily Bass
Matthew Dorfman
111 Broadway, Suite 1505
New York, NY 10006
(212) 403-7300


NEW YORK LAW SCHOOL LEGAL SERVICES, INC.
Britney R. Wilson
185 W. Broadway
New York, NY 10013
(212) 431-2182


Attorneys for Plaintiffs

4