# NEW YORK TAXI WORKERS ALLIANCE
AFL-CIO; Intl. Transport Workers' Federation

31-10 37TH AVE.
SUITE 300
LONG ISLAND CITY, NY 11101
TELEPHONE: (718) 706-9892

**<u>Via ECF</u>**

May 27, 2025

Hon. Jessica G. L. Clarke
United States District Court
Southern District of New York
500 Pearl Street, Room 1040
New York, NY 10007

Re: *Paulino-Santos et al. v. Metropolitan Transit Authority et al.,* Case No. 1:23-CV-03471-JGLC

Dear Judge Clarke:

I am a staff attorney at the New York Taxi Workers Alliance ("NYTWA"), providing limited representation to Non-Party Bhairavi Desai, Executive Director of the New York Taxi Workers Alliance. I am writing pursuant to Your Honor's Individual Rule 2(e) to request an extension of time for non-party witness Bhairavi Desai to respond to a subpoena served on her by Defendants. Upon request of Plaintiffs, Ms. Desai agreed to serve as a potential non-retained expert witness in the present litigation in order to provide her opinions regarding the For-Hire Vehicle ("FHV") and taxi industry. Defendants served a subpoena on Ms. Desai on May 15, 2025 requesting a broad array of documents and communications; the deadline to file objections, pursuant to Fed. R. Civ. P. 45(d)(2)(B), is May 29, 2025, and the deadline for compliance is June 12, 2025.

Ms. Desai believes that Defendants' subpoena includes requests that are objectionable, and as such, Ms. Desai is currently seeking *pro bono* counsel to assess the requests and represent her in this matter. NYTWA employs two staff attorneys, including myself; however, due to the press of other litigation, providing direct services for NYTWA's 28,000 members, and policy work related to its mandate of serving the City's taxi and for-hire vehicle drivers, NYTWA's staff attorneys are unable to represent Ms. Desai in this matter beyond this request for an extension of time. Should NYTWA's staff attorneys' efforts be diverted from our current work to representing Ms. Desai as she serves as a non-retained and uncompensated expert, NYTWA's members will suffer. Because NYTWA's staff attorneys have limited experience with federal discovery practice, representing Ms. Desai in her response to the subpoena would take a significant amount of time. Pressing campaign and policy work will be delayed or abandoned, harming NYTWA members who rely on NYTWA's advocacy to ensure fair and equitable working conditions.

However, Ms. Desai hopes to be able to provide her expertise in this litigation without impacting NYTWA's ability to continue its core work. As such, Ms. Desai has been diligently seeking *pro bono* counsel; she was informed by one organization that provides a "*pro bono* clearinghouse"

that identifying the availability of and potentially securing *pro bono* counsel would, at minimum, take several weeks. Meanwhile, on Friday, May 23, Ms. Desai was informed that Plaintiffs had filed a motion requesting that this Court appoint *pro bono* counsel.

In light of Plaintiffs' motion, as well as Ms. Desai's ongoing efforts to retain *pro bono* counsel, Ms. Desai respectfully requests that this Court extend the deadlines for filing objections, responding to, and filing a motion to quash or modify Defendants' subpoena to allow for time for either Ms. Desai to retain *pro bono* counsel or for this Court to appoint counsel. If Ms. Desai is unable to retain *pro bono* counsel, she would have to withdraw as a witness.

Based on her recent conversations, Ms. Desai anticipates it will take several weeks to retain counsel; she respectfully requests that the deadlines to file objections, respond, and file a motion to quash or modify the subpoena be extended to July 24, 2025 to allow time for counsel, once retained, to review the subpoena and formulate responses, objections, or a motion. The current deadline to file objections is May 29, 2025; the deadline for compliance is June 12, 2025. Plaintiffs have no objection to this request. Defendants indicated they were open to an extension generally, but do not believe it should be the length Ms. Desai proposes. Ms. Desai notes again that the length of her extension request is due to the time it will take to identify and retain *pro bono* counsel; if Ms. Desai is unable to retain *pro bono* counsel she would have to withdraw as a witness. There have been no prior requests to extend this deadline. It is Ms. Desai's understanding that the Parties next appearance is December 2, 2025 and that expert discovery is set to close November 14, 2025 (*see* this Court's February 4, 2025 Minute Entry); as such, the requested extension should not adversely affect the established discovery schedule.

We thank the Court for its consideration in this matter.

                        Respectfully submitted,

                        */s/ Allison Langley*
                        Allison Langley, Esq.
                        New York Taxi Workers Alliance
                        31-10 37th Ave, Suite 300
                        Long Island City, NY 11101
                        Tel: (929) 274-3673
                        E-mail: alangley@nytwa.org