# PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

|  | Brussels |
|---|---|
| 1285 Avenue of the Americas | Hong Kong |
| New York, NY 10019-6064 | London |
| +1 212 373 3000 | Los Angeles |
|  | San Francisco |
| **Gregory Laufer** | Tokyo |
| **Direct Dial:** +1 212 373 3441 | Toronto |
| **Email:** glaufer@paulweiss.com | Washington, D.C. |
|  | Wilmington |

May 28, 2025

**Via ECF**

The Honorable Jessica G.L. Clarke
United States District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl St., Courtroom 20C
New York, NY 10007-1312

Re:  *Paulino-Santos, et al.* v. *Metropolitan Transportation Authority, et al.*,
     No. 23-cv-03471

Dear Judge Clarke:

Defendants write in response to (i) the application Plaintiffs made this past Friday, May 23, asking the Court, purportedly under 28 U.S.C. § 1915(e)(1), to appoint pro bono counsel on behalf of both Bhairavi Desai and the New York Taxi Workers Alliance (TWA), where Ms. Desai serves as Executive Director, ECF 124, as well as (ii) the letter motion filed by a TWA staff attorney yesterday in connection with a document subpoena Defendants served on Ms. Desai on May 15, ECF 126.  By way of brief background, Plaintiffs have recently advanced Ms. Desai as a purported expert under Federal Rule of Civil Procedure 26(a)(2)(C), and the parties have had back-and-forth regarding Plaintiffs' disclosures concerning Ms. Desai and discovery Defendants have sought of communications between Plaintiffs and Ms. Desai relating to her service as an expert.

Plaintiffs' application asks for a highly unorthodox form of relief on behalf of a third party—an expert witness, no less—whom Plaintiffs claim they do *not* represent.  The application was made without prior notice to Defendants, much less any meet-and-confer, despite the fact that counsel for both sides spent approximately 70 minutes on the phone last week discussing issues relating in part to Ms. Desai, including Ms. Desai's and TWA's stated efforts to secure counsel in connection with the subpoena Defendants served on Ms. Desai.  The application is also procedurally improper in that it was unaccompanied by a notice of motion.

Relatedly, despite Plaintiffs' and TWA's representations to Defendants that Ms. Desai and TWA are somehow in need of pro bono counsel, a TWA staff attorney reached out to Defendants for the first time yesterday morning and only a matter of hours later, after flatly

rejecting multiple requests from Defendants to meet and confer on the scope of the subpoena, filed a letter motion with the Court asking for a nearly two-month extension of Ms. Desai's time to respond to the subpoena, to July 24.  To be clear, Defendants do not believe a two-month extension beyond the time that has already elapsed is appropriate or necessary and offered TWA the opportunity to discuss a reasonable extension by agreement, but TWA declined to speak with us (which is itself, we believe, a violation of the Court's meet-and-confer rules).  At a minimum, we think the request should be denied on the basis that TWA failed to meet and confer with us.

In any event, Defendants intend to provide a substantive response to Plaintiffs' application to appoint pro bono counsel for Ms. Desai and TWA, and believe the appropriate deadline by which to do so, pursuant to Local Rule 6.1(b), is June 6.  We also plan to substantively address Ms. Desai's letter motion at that time to the extent the request is still outstanding. If the Court would like to hear from Defendants on either or both of these matters by an earlier date, we would of course be pleased to accommodate the Court.

Sincerely,

/s/ *Gregory F. Laufer*
Gregory F. Laufer